**People of the State of Illinois, Plaintiff-Appellee, v. Henry Laffiton, Defendant-Appellant.**

Gen. No. 49,789.

First District, Fourth Division.

September 22, 1965.

Robert M. Kamm, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Stuart P. Shapiro, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendant, Henry Laffiton, was convicted after a jury trial of the unlawful sale of narcotic drugs and was sentenced to the penitentiary for not less than fifteen nor more than thirty years. In this appeal defendant contends that he did not receive a fair trial and, notwithstanding, was not proven guilty beyond a reasonable doubt.

Defendant was arrested on April 11, 1963, for illegally selling the narcotic drug, heroin, to Al Brown, an informer and special employee of the Chicago Police Department. Miss Barbara Moore, an admitted narcotics addict, testified that the defendant gave her ten tinfoil wrapped packages containing heroin and that "he told me to stay with him until he sold this stuff . . . and he would give me my fix for the rest of the day"; that as she and defendant approached the vicinity of 47th Street and St. Lawrence Avenue they met Al Brown and two other men; and that they gave money to the defendant who in turn told her to distribute six of the packages to the three men. Miss Moore further testified that defendant then instructed her to exchange that money for other currency at a nearby drugstore; that after exchanging seven dollars she was arrested by Officer Clemmie Paschal;

and that in the presence of Officers Paschal and Edward Jackson, defendant and four others, she was searched by Officer Robert Jarret who found the remaining three one dollar bills and four packages of heroin given to her by defendant.

Officer Jackson testified that on April 11, 1963, he was in a police car with Officers Paschal and Jarret and a special police employee whose name he could not recall; that he gave the employee ten dollars in funds, the serial numbers of which were recorded on a slip of paper subsequently signed by those present; that the employee was thoroughly searched by Officer Jarret and possessed no narcotics; that the employee left, followed by the other two officers, and subsequently returned alone, whereupon he (Jackson) was given "two foil wrapped packages containing white powder"; that he "field tested" the contents of one package and determined it to be heroin; that he was present when Miss Moore was searched and subsequently went to the drugstore where she was arrested, there obtaining a five-dollar bill and two singles of the prerecorded funds.

Officer Paschal corroborated that part of Officer Jackson's testimony as respects the events in the police car and identified Al Brown as the special police employee referred to by Jackson. He also testified that he observed the alleged sale from a nearby grocery store; that Brown and two other men gave something to defendant whereupon Barbara Moore gave something to each of the three men and the parties dispersed. Officer Paschal further testified that after directing Brown to return to the police car, he observed Barbara Moore and defendant walk into an alley wherefrom only the latter emerged; that he arrested defendant in front of a drugstore at 47th Street and St. Lawrence and, noticing Miss Moore inside, arrested

her also. In addition the witness corroborated the testimony of Miss Moore relating to the subsequent search and then stated that he (Paschal) along with Barbara Moore and Officer Jackson went into the drugstore and retrieved the aforementioned seven dollars.

Al Brown testified and corroborated the testimony of Barbara Moore, Officer Jackson and Officer Paschal. He also stated that he gave the defendant the ten dollars in prerecorded funds, receiving two packages of heroin, and that he did not know the identity of the other two men who received narcotics from defendant.

Defendant urges three grounds in support of his contention that he did not receive a fair trial. *First,* that defendant's attorney was incompetent in that she failed to move for the exclusion of the witnesses until after the State had made its opening statement; that her cross-examination was merely a reiteration of the questions asked by the prosecution on direct examination; and that she failed to object to improper comments of the State's Attorney made in his closing argument. *Second,* that defendant did not have a reasonable opportunity to acquaint his counsel with his defense, who in turn was denied adequate time for the preparation of her defense. *Third,* that the court erred in refusing to give an instruction tendered by defendant "that a person may be present at the commission of a crime and yet not be guilty unless he aids, abets or assists in the crime."

■■■ An accused is entitled to a new trial because of incompetent counsel only if substantial prejudice resulted therefrom, without which the outcome would probably have been different. People v. Morris, 3 Ill 2d 437, 449, 121 NE2d 810. Although counsel for defendant may have erred strategically in not moving

444

to exclude witnesses before the State's opening statement, there is no showing that defendant was substantially prejudiced thereby. Furthermore the exclusion of witnesses is not a matter of right but is within the discretion of the trial judge. People v. Miller, 26 Ill2d 305, 186 NE2d 317.

■ We cannot agree with defendant's allegation of incompetency based upon the quality of the cross-examination. Upon an examination of the record it appears that counsel for defendant performed adequately while faced with exceptionally strong evidence on behalf of the prosecution. In fact, an attempt—though unsuccessful—was made by counsel to discredit the testimony of Barbara Moore and Al Brown.

■ Defendant's other allegation of incompetency is likewise without merit. The remarks in question made by the prosecutor in his closing argument to the jury were as follows:

> . . . I hope when people look to you by way of your verdict you will not say to them, by way of your verdict, that we don't consider that [selling narcotics] such a bad crime. There is only one way to deal with this type of thing and that is to put your stamp of disapproval on it.

Such remarks fall safely within accepted trial practice and counsel for defendant was not in error for failing to object thereto. It was proper to argue on the evil results of such a crime and urge fearless administration of the law. People v. Lopez, 10 Ill2d 237, 139 NE2d 724.

■■ We need not consider defendant's contention that he did not receive a fair trial in that his counsel was denied adequate time to prepare a defense, since no motion for a continuance was made. Obviously defendant's counsel felt that no continuance was neces-

■■■■■■■■■■■

sary. Where counsel for the defendant makes no motion for a continuance and does not ask for time in which to prepare such motion a judgment will not be reversed because a continuance was not granted. People v. Kowalski, 332 Ill 167, 163 NE 399.

■ ■ The court did not err in refusing to give defendant's tendered instruction since substantially the same principle advanced therein was set forth in the following instruction to the jury:

> A person is legally accountable for the conduct of another when either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense.

This instruction is in the affirmative, more acceptable form than the negative, argumentative instruction tendered by defendant.

■ Defendant's final contention is that the uncorroborated testimony of a police informer is insufficient to prove him guilty beyond a reasonable doubt, relying upon People v. Bazemore, 25 Ill2d 74, 182 NE2d 649, and People v. Boyd, 17 Ill2d 321, 161 NE2d 311. In Boyd the sole testimony linking defendant with the unlawful sale of narcotics was the identification of his voice by two informer-addicts, neither of whom had heard defendant's voice before. Moreover, there was no evidence that either of the witnesses paid money directly to the defendant or received narcotics from him. In Bazemore the court said at page 77:

> This is not a case where the informer's accusation receives corroboration from close police surveillance of the transaction, from an immediate arrest,

or from the finding of marked money on the accused, but one which developed in such a way that the informer was at liberty to name almost any person he wished to select as the guilty one.

The instant case, however, is distinguishable since here Officer Paschal corroborated the testimony of the informer and there was close surveillance by Officer Paschal of the transaction between defendant and the informer; defendant was immediately arrested and Barbara Moore was arrested shortly thereafter with some of the prerecorded funds still in her possession. Such evidence is sufficient to prove defendant guilty beyond a reasonable doubt. People v. West, 60 Ill App 2d 477, 208 NE2d 649.

After a careful examination of the record we are of the opinion that the defendant's rights were diligently protected in the trial court and that the evidence warranted the jury in finding him guilty beyond a reasonable doubt.

Affirmed.

McCORMICK, P. J. and ENGLISH, J., concur.