16

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DEANNA KIM OWSLEY, Defendant-Appellant.
Third District   No. 77-5

Opinion filed July 11, 1977.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce Black, State's Attorney, of Pekin (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The defendant, Deanna Kim Owsley, was charged by indictment with the offenses of murder, attempt armed robbery, and conspiracy to commit armed robbery. On September 3, 1976, defendant entered a negotiated plea of guilty to the charge of murder. The State acknowledged in open court that the defendant's plea of guilty resulted from plea negotiations and informed the court that in exchange for a plea of guilty to the murder charge, the People would dismiss counts 2 and 3 and recommend to the court that the defendant receive a sentence of 14 to 20 years in the Illinois State Penitentiary. The trial court accepted this plea after first admonishing the defendant in accordance with Supreme Court Rule 402 and assuring itself that the defendant's guilty plea was voluntarily and intelligently entered. The State presented the evidentiary basis for the charge of murder. Following the court's acceptance of defendant's guilty plea, defendant waived a hearing in aggravation and mitigation, as well as the preparation of a presentence report. Defendant

was then sentenced in accord with the recommendations of the State to a term of imprisonment of not less than 14 nor more than 20 years.

On September 14, 1976, within the 30-day time limitation required by Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)), defendant, through her counsel, filed a motion to withdraw plea of guilty. After a hearing on September 20, 1976, the trial court denied defendant's motion. It is from that denial that defendant appeals.

The sole issue presented is whether the trial court committed an abuse of discretion in denying the defendant's motion to withdraw her plea of guilty, for it is within the sound discretion of the trial court to decide whether a plea of guilty may be withdrawn. *People v. Worley*, 35 Ill. 2d 574, 221 N.E.2d 267, *cert. denied*, 386 U.S. 972, 18 L. Ed. 2d 130, 87 S. Ct. 1163.

Defendant contends her plea was not voluntarily made for several reasons. She claims that due to a misunderstanding between her and her attorney, she believed the hearing on September 3 was for the purpose of arguing an earlier continuance motion and severance motion filed by her attorney and was not for the purpose of entering a plea. Defendant states that between the plea negotiations and the plea hearing, she decided that she no longer wished to plead guilty, but was under the misunderstanding that once she had tentatively agreed to enter a negotiated plea, she could not thereafter refuse to plead guilty. It was only because of this misunderstanding that she plead guilty. Defendant supports this position by reference to a conversation with her mother in which defendant had communicated her desire not to plead guilty and the fact that defendant was only 20 years old at the time of the plea hearing and was in a highly emotional state when her plea was entered. Upon a consideration of the evidence adduced at the plea hearing and the later hearing on defendant's motion to withdraw her plea, we are unable to find that the trial court abused its discretion in denying defendant's motion.

At the plea hearing, defendant admitted that the plea negotiations were undertaken with her approval and consent. Defendant was kept informed of the progress of the negotiations through her attorney. Owsley fully understood the negotiated plea agreement and was satisfied with its terms. Upon inquiry by the court, defendant agreed the factual basis of the plea correctly stated the facts of the case. Defendant understood the sentence and stated she was making the plea of guilty voluntarily and as a result of her own decision. Defendant was fully aware that if she persisted in a plea, she gave up all the rights and protection that she had, as well as the presumption of innocence. She nevertheless waived those rights and plead guilty to the charge of murder. Yet, inspite of the foregoing, defendant claims she changed her mind before making these statements,

18

misunderstood the nature of the plea proceeding and therefore her guilty plea was not made knowingly and voluntarily.

While we agree with defendant that judicial discretion should always be exercised in favor of innocence (see *People v. Walston*, 38 Ill. 2d 39, 230 N.E.2d 233), under the circumstances and facts of this case we do not believe the trial court's refusal to believe defendant's testimony constituted an abuse of discretion. Counsel represented defendant throughout all proceedings, including the plea hearing. While defendant had the opportunity to communicate with her counsel between the time the plea negotations were conducted and the plea hearing and indicated her desire not to plead guilty, she failed to do so. The trial court was within the bounds of sound judicial discretion when it denied defendant's motion. For the foregoing reasons the judgment of the circuit court of Tazewell County is affirmed.

Judgment affirmed.

STENGEL, P. J., and SCOTT, J., concur.