THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DEANNA KIM OWSLEY, Defendant-Appellant.

Third District No. 77-543

Opinion filed December 8, 1978.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce W. Black, State's Attorney, of Pekin (James E. Hinterlong and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

This appeal was brought by the petitioner, Deanna Kim Owsley, from the trial court's dismissal of her petition for post-conviction relief. Previously, the petitioner had entered a plea of guilty to murder and had been sentenced to a term of imprisonment of not less than 14 nor more than 20 years, pursuant to plea negotiations.

During the plea proceeding the petitioner had been fully and properly admonished by the trial court. Nevertheless, she later moved to withdraw her guilty plea based on the claims that due to her misunderstandings with her trial counsel and her lack of understanding of trial procedure, the guilty plea was not knowingly and understandingly entered. The motion to vacate was denied, however, and on appeal, the trial court's denial was affirmed. *People v. Owsley* (3d Dist. 1977), 51 Ill. App. 3d 16, 365 N.E.2d 319.

Thereafter, the petitioner filed the petition for post-conviction relief, with supportive affidavits. The basis for the petition was that the petitioner's trial attorney, in conferring with her on the negotiations of the guilty plea, had misrepresented the minimum time for the petitioner to become eligible for parole, weekend furloughs and work release, and therefore her guilty plea was rendered involuntary and unknowing.

In response, the State filed a motion to dismiss the petition, arguing, in the alternative, that this issue had already been decided in the earlier appeal or that the petitioner's failure to raise the issue at the time she moved to withdraw her guilty plea constituted waiver. The trial court granted the State's motion to dismiss.

The petitioner's affidavit, as well as the affidavits of her mother and father, alleged that her trial counsel had advised her that she would be eligible for parole in 5 years, would be eligible for weekend furloughs within 1 year and, upon good behavior, would be eligible for work release within 1 year. It was further alleged in the petitioner's affidavit that, although she was aware of the inaccuracy of these representations prior to the hearing on the motion to withdraw her guilty plea, her counsel at that hearing, the same counsel who had made the misrepresentations, advised the petitioner that there would be no advantage in bringing this matter to the attention of the trial court and, therefore, the petitioner did not bring it up at that time.

■■ Although a defendant being misled by his or her attorney goes to the issue of ineffective assistance of counsel rather than to the issue of voluntariness of a guilty plea (*People v. Green* (4th Dist. 1974), 21 Ill. App. 3d 1072, 316 N.E.2d 530), ineffective assistance of counsel is an appropriate ground on which to seek post-conviction relief. (*People v. Stepheny* (1970), 46 Ill. 2d 153, 263 N.E.2d 83; *People v. Pannell* (3d Dist.

1977), 44 Ill. App. 3d 885, 358 N.E.2d 1331.) If the allegations in the affidavits submitted with the petition for post-conviction relief in this case are true, then the petitioner was surely misled, for she would not become eligible for parole, even discounting the maximum good time, until she had served at least 8 years and 3 months of her sentence. (Dept. of Corrections Reg. 813 II A1, 2.) Furthermore, to qualify for work release the petitioner must be within 170 to 200 days of a scheduled hearing by the Parole or Pardon Board or the mandatory release date. (Dept. of Corrections Reg. 1200 II A1, B4a.) To be eligible for weekend furloughs, the petitioner must either have been granted a parole or be within 30 days of her release date. Dept. of Corrections Reg. 817 IIF 4b(2).

Certainly a defendant ought not to be misled, in any way, into entering a plea of guilty. It is extremely important to a defendant to know when he or she is eligible for parole or other "freedom-related" benefits before that defendant can decide whether to plead guilty. The Illinois Supreme Court, to some extent, has recognized the defendant's concern with all of the ramifications, including the parole provisions, which will result from the guilty plea. See *People v. Wills* (1975), 61 Ill. 2d 105, 330 N.E.2d 505.

■■ On the other hand, all issues which could have been raised during a direct appeal and which were not are waived and can not be raised in a post-conviction proceeding. (*People v. Pannell* (3d Dist. 1977), 44 Ill. App. 3d 885, 358 N.E.2d 1331.) Of course, if the issue had been raised on direct appeal, the determination of that issue would be *res judicata,* and therefore, the issue could also not be raised in a post-conviction proceeding. *People v. James* (1970), 46 Ill. 2d 71, 263 N.E.2d 5.

■■ The only issue decided by this court's opinion in the petitioner's earlier appeal was whether the trial court abused its discretion by denying the motion to vacate the guilty plea on the ground that when the petitioner agreed to the negotiated plea she did not realize she could not thereafter refuse to plead guilty. We decided there was no abuse of discretion. However, that issue does not coincide with the issue raised in the post-conviction petition, and therefore the State's theory of *res judicata* has no application.

■■ Nor did the petitioner waive the issue of ineffective assistance of counsel by failing to raise the issue on direct appeal. There being no evidence of ineffective assistance of counsel in the record, she could not have raised such an issue on appeal. It is true, and the petitioner admits, she knew of the alleged misrepresentation prior to the hearing on the withdrawal of her guilty plea. However, if the allegations contained in the affidavits are to be believed, and there is, as yet, no evidence to the contrary, the petitioner remained under the influence of the very trial counsel of whom she now complains and was convinced to not disclose to

the trial court any misrepresentations by her counsel concerning the total effect her acceptance of the "negotiated" plea would have on her freedom and on her ability to see her family.

Our attention has been directed to *People v. Kamsler* (1968), 39 Ill. 2d 73, 233 N.E.2d 415, wherein the Illinois Supreme Court stated that if a petitioner is dissatisfied with his attorney's services at trial, there was a right to terminate the services of said attorney and the failure to do so constituted a waiver of the argument of ineffective assistance of counsel for the purposes of post-conviction relief. However, there are two significant facts present in *Kamsler* which distinguish that case from the case at bar.

First, Kamsler's attorney flatly refused to argue the invalidity of the statutes Kamsler was accused of violating. This refusal was in response to a direct request by Kamsler. In the present case, the petitioner's attorney did not flatly refuse to point out to the trial court the alleged misrepresentations. Instead, it is alleged that the attorney convinced the petitioner there would be no advantage to her raising the subject.

The additional distinguishing fact is that Kamsler was a sophisticated defendant who admitted having studied law, and represented himself at the post-conviction proceeding and throughout the appeal from the denial of post-conviction relief. Since the petitioner here was unsophisticated, the inference that her attorney exerted his influence over her to silence her objections to the alleged misrepresentations is supported.

To determine whether a summary dismissal is appropriate in the circumstances presented by this appeal, therefore, the trial court must determine whether the allegations in the petition, when viewed against the record of the guilty plea hearing, are so palpably incredible, patently frivolous or false as to warrant summary dismissal. (See *Blackledge v. Allison* (1977), 431 U.S. 63, 52 L. Ed. 2d 136, 97 S. Ct. 1621.) The record in this case discloses that the defendant, during the guilty plea proceeding and during the hearing on the motion to vacate the guilty plea, did fail to mention the misrepresentations to the trial court. However, both the alleged misrepresentations by the defendant's attorney and the attorney's alleged exercise of influence over the defendant occurred outside the presence of the trial court and off the record. Furthermore it is not palpably incredible to believe that an attorney would not argue his own incompetence to the trial court. Therefore, it was fundamentally unfair for the trial court to summarily dismiss this defendant's petition for post-conviction relief. See *People v. Nitz* (3d Dist. 1978), 60 Ill. App. 3d 1029, 377 N.E.2d 600.

As a result, an evidentiary hearing should have been had to determine whether the petitioner was, in fact, misled into pleading guilty, and it was

error for the trial court to dismiss the petition without a hearing. Of course, at such a hearing the credibility of the witnesses would be a matter to be weighed by the trial court. *People v. Nitz* (3d Dist. 1978), 60 Ill. App. 3d 1029, 377 N.E.2d 600.

Accordingly, the order of dismissal in the Circuit Court of Tazewell County is reversed and the cause is remanded for a hearing not inconsistent with this opinion.

Reversed and remanded.

STOUDER and STENGEL, JJ., concur.