THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DALLAS HAWK, Defendant-Appellant.

Fifth District    No. 80-56

Opinion filed January 27, 1981.

James B. Roberts, of Abel, Roberts, Weiss & Easter-Wells, of Carbondale, for appellant.

William B. Ballard, State's Attorney, of Jonesboro (Martin N. Ashley and Christopher S. Carroll, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

The defendant, Dallas Hawk, was found guilty of two offenses of aggravated battery involving one victim, and the offense of harassing a

witness after a jury trial in the Circuit Court of Union County. On appeal, defendant contended that he could not be convicted of two separate offenses of aggravated battery arising from one act. Prior to our decision in *People v. Hawk* (1980), 80 Ill. App. 3d 827, 400 N.E.2d 499, defendant filed a post-conviction petition (Ill. Rev. Stat. 1979, ch. 38, par. 122—1 *et seq.*) alleging that he had been deprived of the effective assistance of counsel at trial and on appeal. The trial court dismissed the petition without an evidentiary hearing. Subsequently, defendant's conviction of one charge of aggravated battery was vacated by this court. Defendant now appeals the dismissal of his post-conviction petition and contends that he should have been granted an evidentiary hearing as to the competence of trial and appellate counsel.

Largely unsupported by case authority, the defendant alleged seven instances in which he was deprived of his right to effective assistance of retained counsel; that trial counsel foreclosed defendant's right to a change of venue by providing him with improperly notarized affidavits; that counsel failed to object to portions of the State's closing argument now alleged to be prejudicial; that counsel failed to cross-examine the complaining witness about attending work the day after the witness was allegedly beaten by defendant; that counsel refused to request a change of judge in spite of defendant's request; that counsel did not object to the victim's testimony regarding prior threats allegedly made by defendant; that counsel did not tender a battery instruction; and that counsel did not object to evidence of a bribe allegedly offered by the defendant in an unrelated case. Appellate counsel is alleged to have been ineffective because of the failure to raise these same issues on direct appeal as instances of trial counsel's ineffective representation.

■■ The defendant is not entitled to a hearing on his petition as a matter of right. (*People v. Meeks* (1975), 31 Ill. App. 3d 396, 334 N.E.2d 253.) It is only where he alleges clear, substantial constitutional deprivations, supported by the record, affidavits or other evidence, that he is entitled to a hearing. (*People v. McGinnis* (1977), 51 Ill. App. 3d 273, 366 N.E.2d 969.) Absent a sufficient showing, the trial court may dismiss the petition without an evidentiary hearing. *People v. Farnsley* (1973), 53 Ill. 2d 537, 293 N.E.2d 600.

The trial court held that the issue of trial counsel's competence had been waived as it was not raised on direct appeal. The issue of appellate counsel's incompetence was considered to be jurisdictional inasmuch as the appeal was pending when the petition was filed. The court considered it an improper invasion of this court's jurisdiction to pass on the issue of ineffective assistance of appellate counsel when the case was pending on appeal. Therefore, the court ruled it had no jurisdiction to decide the effectiveness of appellate counsel's representation. We need not decide

whether the trial court was correct in this regard in view of our disposition of defendant's contentions.

There are two categories of ineffective assistance of counsel alleged in defendant's petition, those acts which are reflected in the record and those which are not reflected in the record. Most of these supposed errors or deficiencies in representation can be found by reference to the record. There are two which are allegedly not apparent from the record. One is the failure to cross-examine the complaining witness concerning his attendance at work the day after he was assaulted. The second is trial counsel's alleged ignorance of defendant's right to a substitution of trial judges and his failure to advise defendant that he had an absolute right to a substitution of trial judges.

None of the allegations of ineffective assistance of trial counsel were raised on direct appeal. As defendant concedes, such claims are normally waived and may not be raised in subsequent post-conviction proceedings. (*People v. Owsley* (1978), 66 Ill. App. 3d 234, 383 N.E.2d 271.) In *Owsley* the court noted that "* * * all issues which could have been raised during a direct appeal and which were not are waived and can not be raised in a post-conviction proceeding." (66 Ill. App. 3d 234, 237, 383 N.E.2d 271, 273-4.) We believe that the five alleged instances of trial counsel's incompetence which the defendant admits are apparent from the record were waived by the failure to assert them on direct appeal. Moreover, we do not think that it was incompetent for counsel to omit these issues on appeal.

Appellate counsel is not required to brief every issue on appeal. (*People v. Rooney* (1974), 16 Ill. App. 3d 901, 307 N.E.2d 216.) In *Rooney*, we acknowledged that the doctrine of waiver does not bar consideration in a post-conviction proceeding of alleged errors that were not raised on direct appeal because of the incompetence of appellate counsel. However, an examination of the claimed instances of ineffective assistance of trial counsel will reveal them totally without merit or so lacking in substance that counsel cannot be faulted in their representation of defendant, considering the standard under which this representation is to be measured, whether counsel is retained or appointed. See *People v. Edmonds* (1979), 79 Ill. App. 3d 33, 398 N.E.2d 230.

■■ Typical of the defendant's arguments is that counsel should have offered a battery instruction. The critical fact omitted by the defendant is that such an instruction was offered by the prosecution and given. Defense counsel can hardly be faulted for failing to give a repetitious instruction. Also, appellate counsel could not be expected to contend that trial counsel was ineffective for such a reason.

■■ The other errors complained of are similar to the one just detailed; for instance, our examination of the prosecutor's argument reveals it to be

entirely proper. Appellate counsel cannot be considered ineffective for failing to raise points with little or no merit. The five alleged instances of ineffective representation by trial counsel which are reflected in the record involved matters too insubstantial to warrant reversal on direct appeal. Accordingly, appellate counsel, in the exercise of proper judgment, could well refrain from raising these matters on direct appeal. In not doing so, his judgment cannot be said to have been patently wrong. *People v. Frank* (1971), 48 Ill. 2d 500, 272 N.E.2d 25.

■■ The two other errors complained of are, by the defendant's admission, not apparent from the record. Appellate counsel could not be considered incompetent for failing to argue matters not apparent from the record. In reviewing the two alleged errors we do not believe that defendant was deprived of the effective assistance of counsel at trial.

■■ The defendant claims that he informed trial counsel that the complaining witness attended work the day after being assaulted. The defendant asserts further that he asked counsel to cross-examine the complaining witness on this point. While we acknowledge that counsel is under a duty diligently to serve his client, we also recognize that it is not our role to second-guess tactical decisions by counsel. (*People v. Murphy* (1978), 72 Ill. 2d 421, 381 N.E.2d 677.) The decision not to cross-examine is understandable given the fact that the actual injury to the complaining witness, a broken jaw, was established beyond question. Failure to cross-examine the complaining witness as to his attendance at work had little bearing on the seriousness of the victim's injury. *People v. Gray* (1965), 57 Ill. App. 2d 221, 206 N.E.2d 821.

■■ The other point raised by the defendant is that trial counsel erroneously informed him that he had no right to a substitution of judges. The rule regarding substitution of judges (Ill. Rev. Stat. 1979, ch. 38, par. 114—5(a)) provides that a defendant may substitute a particular judge within 10 days of the case being placed on the trial docket of the judge that the defendant wishes to substitute. However, substitution of a judge is not a matter of right in all cases. The motion must be made within 10 days of the call. Also, the motion must allege that the judge is so prejudiced that the defendant cannot receive a fair trial.

If defendant failed to ask his attorney for a substitution within the 10-day period he would not have a right to such a motion. The defendant's petition fails to make any allegations as to the time the request for substitution was made. Nothing in the matters complained of suggests that the trial judge was in fact prejudiced or that the outcome of the trial would have been otherwise. (*People v. Laffiton* (1965), 62 Ill. App. 2d 440, 211 N.E.2d 15.) Without these basic allegations the defendant has not made a showing that his attorney's representation amounted to no

representation at all or amounted to a farce or a sham. *People v. Torres* (1973), 54 Ill. 2d 384, 297 N.E.2d 142.

We do not believe that the trial court erred in dismissing the defendant's petition without an evidentiary hearing. The record shows that most of the claims of trial counsel's incompetence were waived, and properly so, on direct appeal. The errors which were not waived do not demonstrate a substantial constitutional violation on the face of the defendant's petition, and therefore no evidentiary hearing was required. *People v. Reed* (1980), 84 Ill. App. 3d 1030, 405 N.E.2d 1065.

We would conclude by paraphrasing our remark in *People v. Rooney*; it is only through the benefit of the great faculty of hindsight that defendant's present counsel can be so positive that the course of defendant's trial or the presentation of defendant's appeal should have been conducted or presented in a different manner and, if so, that the outcome of the trial or appeal would probably have been different.

We affirm the decision of the Circuit Court of Union County.

Affirmed.

KASSERMAN, P. J., and HARRISON, J., concur.