NOTICE

Decision filed 03/01/22. The
text of this decision may be
changed or corrected prior to
the filing of a Petition for
Rehearing or the disposition of
the same.

2022 IL App (5th) 180507-U

NO. 5-18-0507

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Respondent-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 11-CF-1967 |
| | ) | |
| ANTHONY D. BROWN, | ) | Honorable |
| | ) | Richard L. Tognarelli, |
| Petitioner-Appellant. | ) | Judge, presiding. |

JUSTICE WHARTON delivered the judgment of the court.
Presiding Justice Boie and Justice Moore concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The State concedes that the petitioner did not forfeit his postconviction claims by
foregoing a direct appeal. Without supporting affidavits, records, or other evidence,
we cannot determine if plea counsel provided ineffective assistance given the
claims alleged. Postconviction counsel did not provide reasonable assistance
because the claims necessitated extra evidentiary support and counsel did not attach
supporting affidavits, records, or other evidence to the postconviction petition. Due
to the unreasonable assistance provided by postconviction counsel, we reverse the
trial court's dismissal of the postconviction petition and remand for further second
stage postconviction proceedings.

¶ 2     The State charged the petitioner with controlled substance trafficking (720 ILCS 570/401.1

(West 2010))[1] and unlawful delivery of a controlled substance (*id.* § 401(c)(1)). The petitioner

_____

     [1]Although not raised by the petitioner or referenced by the State, we note that the State's September
13, 2011, charge against the petitioner for controlled substance trafficking alleged that the petitioner
brought heroin into Illinois in an amount of "more than one gram, but less than 15 grams." The information
cites its source for the charge—section 401.1 of the Criminal Code of 1961 (720 ILCS 570/401.1 (West
2010)). Section 401.1 refers to section 401 for the specific amounts and types of crimes involving controlled

1

entered a fully negotiated plea to controlled substance trafficking on August 13, 2012. The unlawful delivery charge was dismissed. The petitioner was sentenced to a term of 12 years' imprisonment to be served at 75% followed by a 2-year term of mandatory supervised release. He did not seek to withdraw his guilty plea and did not file a direct appeal.

¶ 3    This appeal involves the petitioner's 2013 *pro se* motion to reconsider that was treated by the trial court as a postconviction petition. The trial court appointed counsel to represent the petitioner. The State filed a motion to dismiss the motion to reconsider that the trial court granted. The petitioner's appointed counsel then filed a formal postconviction petition using the allegations made by the petitioner in his motion to reconsider. The State filed a motion to dismiss the postconviction petition arguing that the complaint was frivolous and patently without merit. After a hearing, the trial court entered its order dismissing the petitioner's petition. The petitioner appeals and asks this court to reverse the trial court. He argues that he did not forfeit his arguments and demonstrated a substantial violation of his constitutional rights. Alternatively, the petitioner argues that the court should remand this case to the trial court because postconviction counsel provided unreasonable assistance by failing to attach any affidavits, records, or other evidence to the postconviction petition. For the reasons stated in this order, we reverse the postconviction court's dismissal of the petitioner's postconviction petition and remand for further second stage postconviction proceedings.

---

substances brought into Illinois. The wording of section 401(c)(1) is different than that used by the State in the information. Section 401(c)(1) states that "[a]ny person who violates this Section *** is guilty of a Class 1 felony ***: 1 gram or more but less than 15 grams of any substance containing heroin ***." *Id.* § 401(c)(1). Although there is a clear distinction between "one gram or more" and "more than one gram," here the defendant has acknowledged that he was arrested with one gram of heroin, which would fit into the statutory criminal charge at issue.

¶ 4                                    I. BACKGROUND

¶ 5     On July 26, 2013, the petitioner filed a motion to reconsider. In support of his motion, the

petitioner stated:

> "1. That during the time I was going to court I was represent by my lawyer
> ineffective. Thing I ask her to do was not done. She lead me to think I was going to be able
> to receive things [that] cause of my percentage I can't receive.
>
> 2. I first ask her to get the evidence on the case cause I know that it was just one
> gram with the [value] $150.
>
> 3. When I took my plea agreement I was told by my lawyer that I would be able to
> receive school and drug treatment[,] good time cause it just a class 1 offense[,] but when I
> got to prison that all change.
>
> 4. I was told I was getting sentence to 12 year cause I been to prison [too] many
> times. I been once for 120 days drug treatment. It like going to Boot Camp.
>
> 5. During the time of my arrest I did not cause any injury to anyone. I cooperated
> with the police[,] went to jail[,] and told the truth that I did sell the drugs to [their]
> informant. I had all intention on come to court and pled guilty to my crime.
>
> 6. I come to you to ask not for less time cause I am guilty. And I know that I should
> be punish for my crime. I ask the court to reconsider in changing the percentage of my case
> from 75% to 50%.
>
> 7. I would have done a blind plea but my lawyer said I could get the good time.
> And I knew I could break the nine years down[,] so I took the deal."

The petitioner signed and verified the motion. The trial court appointed counsel to represent the

petitioner on August 6, 2013.[2]

¶ 6     On February 6, 2014, the State filed a motion to dismiss the petitioner's "motion to reduce

sentence." The State indicated that the petitioner was present with his defense attorney when he

---

[2]This case presents a unique procedural background. The trial court managed this case as if it were
in the second stage of the postconviction process, and therefore although not explicit, the petitioner's
original motion to reconsider was construed as a *pro se* postconviction petition, and the court's appointment
of counsel established that the petitioner's case advanced to the second stage. The trial court made no
express findings in the record that the petitioner's motion to reconsider raised the gist of a constitutional
claim, yet the court appointed counsel to represent him. After the trial court's dismissal, counsel then
formalized the ineffective assistance claims in a postconviction petition.

pled guilty in August 2012. The plea was fully negotiated. The petitioner was given admonishments pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2006). The State noted that the petitioner did not file a motion to withdraw his guilty plea within 30 days of sentencing. On June 24, 2014, the trial court granted the State's motion and dismissed the petitioner's motion to reduce sentence. The petitioner's appointed attorney informed the court that he would file a postconviction petition.

¶ 7    On November 12, 2014, the petitioner's appointed counsel filed a petition for postconviction relief. In the petition, the petitioner asserted that his plea counsel provided ineffective assistance in five ways:

1.  Failed to meet with the petitioner and review discovery;

2.  Failed to adequately prepare a defense to the "trafficking" offense;

3.  Actively misrepresented to the petitioner that his 12-year sentence would be eligible for certain reductions, when in reality the sentence had to be served at 75%;

4.  Failed to understand the petitioner's criminal history; and

5.  Failed to advise the petitioner of the option to have an open plea.

Counsel argued that because of plea counsel's shortcomings, the petitioner was deprived of any opportunity to seek substance abuse treatment while incarcerated because of the 75% sentence service time.

¶ 8    On January 20, 2016, the State filed a motion to dismiss the petitioner's postconviction petition. The State asked the trial court to dismiss the petitioner's petition arguing that the petition was frivolous and patently without merit because he failed to demonstrate a substantial constitutional violation and/or because his allegations were unsupported by the record or accompanying affidavits. The State argued that the petitioner's claims could have been raised on

4

direct appeal in that there were no objective external factors that prevented him from raising the claims on appeal. Additionally, the State argued that even if the petitioner could raise ineffective assistance of counsel in a postconviction petition, his claim would fail because he could not establish that he suffered prejudice.

¶ 9       After a series of continuances, the petitioner sent a letter to the trial court file-stamped May 16, 2017, asking what had been happening in his case. He noted that he was in court the last time in August. The petitioner stated that he had contacted his appointed counsel, but he had not heard back. The petitioner wrote a similar letter to the court dated July 5, 2017.

¶ 10      On September 26, 2018, the trial court held a hearing on the State's motion to dismiss. The State stood on its motion. The petitioner's attorney listed the factual allegations raised in the petition and commented specifically on two of the allegations. The attorney noted that possession and trafficking were the two drug charges in this case and trafficking was more serious. The attorney contended that it seemed likely that there was a valid defense for the trafficking offense based upon the amount of the controlled substance involved. Of graver concern to petitioner's attorney was that the plea counsel allegedly failed to explain the percentage of the sentence he would need to serve and allegedly misrepresented the services available to the petitioner upon incarceration. The petitioner's postconviction attorney argued that his trial attorney accepted the first offer made by the State with no negotiation. In response, the State explained that the petitioner accepted a fully negotiated plea, and that strategy could account for the petitioner's acceptance of the offer plea, noting that the petitioner could have received a longer sentence. On September 26, 2018, the trial court entered its order granting the State's motion. The trial court included no foundational explanation for its decision. The petitioner's attorney filed his Rule 651(c) certificate

5

on the same date. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). The petitioner timely filed his notice of appeal.

¶ 11                                                    II. ANALYSIS

¶ 12    On appeal, the petitioner raises three issues. First, the petitioner argues that he did not forfeit his postconviction claims by failing to file a direct appeal. Second, the petitioner argues that he made a substantial showing that his constitutional rights were violated because plea counsel provided ineffective assistance. Third, the petitioner alternatively asks this court to remand this case to the trial court because postconviction counsel provided unreasonable assistance in filing the postconviction petition by failing to include supporting affidavits, records, or other evidence.

¶ 13    An individual who has been convicted and is serving an Illinois criminal sentence can file a petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq*. (West 2012)) to allege that their Illinois and federal constitutional rights were denied. *People v. Coleman*, 183 Ill. 2d 366, 378-79 (1998). A proceeding under the Post-Conviction Hearing Act has three stages. *People v. Gaultney*, 174 Ill. 2d 410, 418-19 (1996). Here, the postconviction court dismissed this case at the second stage. At the second stage, the postconviction court appoints an attorney to represent the petitioner. 725 ILCS 5/122-4 (West 2012). The State must file an answer or file a motion to dismiss. *Id.* § 122-5. Then, the postconviction court must determine if the petitioner has made a substantial showing of a constitutional violation. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001). The postconviction court must accept all well-pleaded factual allegations as true, and the court must not engage in any fact-finding or credibility determinations. *Coleman*, 183 Ill. 2d at 385. The trial court must dismiss the petition if the petitioner has not made the required substantial showing of a constitutional violation. *People v. Ward*, 187 Ill. 2d 249, 255 (1999). The

6

postconviction court will hold an evidentiary hearing if the petitioner gets past this second stage to the third stage. 725 ILCS 5/122-6 (West 2012).

¶ 14    On appeal, we review a trial court's dismissal of a postconviction petition on a *de novo* basis. *People v. Hopkins*, 2020 IL App (3d) 170253, ¶ 15. With *de novo* review, this court does not have to defer to the trial court's judgment or reasoning and utilizes the same analysis as the trial court. *People v. Carlisle*, 2019 IL App (1st) 162259, ¶ 68. The reviewing court may affirm a trial court's dismissal of a postconviction petition on any basis supported by the record. *Id.* ¶ 69; *Hopkins*, 2020 IL App (3d) 170253, ¶ 15.

¶ 15                          A. Forfeiture of Postconviction Claims

¶ 16    The State concedes that the doctrine of forfeiture could not support the second stage dismissal of the petitioner's amended postconviction. While postconviction claims that could have been raised on direct appeal are deemed forfeited (*People v. Petrenko*, 237 Ill. 2d 490, 499 (2010)), a petitioner is not required to file a direct appeal to obtain relief under the Post-Conviction Hearing Act (*People v. Brooks*, 371 Ill. App. 3d 482, 485-86 (2007)).

¶ 17                          B. Ineffective Assistance of Plea Counsel

¶ 18    We next turn to the question of whether the petitioner received ineffective assistance of plea counsel. The United States Constitution and the Illinois Constitution both guarantee a defendant the right to effective assistance of counsel. U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8. The purpose of the constitutional guarantees is to ensure a fair trial. *Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). Constitutionally competent assistance is measured by a test of whether the defendant received "reasonably effective assistance." *Id.* at 687. We presume that defense attorneys pursue sound trial strategies. See *id.* at 689. Trial strategies are unsound

only when no reasonably effective criminal defense attorney, facing similar circumstances, would pursue such strategies. *People v. Faulkner*, 292 Ill. App. 3d 391, 394 (1997).

¶ 19   A criminal defendant is entitled to the effective assistance of trial counsel at all critical stages of the case, which includes the entry of a guilty plea. *People v. Brown*, 2017 IL 121681, ¶ 25. To prevail on an ineffective assistance claim, "[the] defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v. Lefler*, 294 Ill. App. 3d 305, 311 (1998) (citing *Strickland*, 466 U.S. at 694). The term "reasonable probability" has been defined to mean "a probability sufficient to undermine confidence in trial's outcome." *Id.* at 311-12 (citing *Strickland*, 466 U.S. at 687). The fact that professional errors have been committed does not define the question. We must examine the issue from the perspective of whether the defendant received a fair trial, despite an attorney's shortcomings. *Id.* at 312. In that context, a fair trial means "a trial resulting in a verdict worthy of confidence." *Id.* (citing *People v. Moore*, 279 Ill. App. 3d 152 (1996)).

¶ 20     i. *Active Misrepresentation of Eligibility for Sentence Credits and Available Programs*

¶ 21   The petitioner argues that the primary prejudice he suffered is derived from his trial counsel's active misrepresentation that he would be eligible for reductions in his sentence. He contends that these misrepresentations substantially violated his constitutional rights.

¶ 22   We begin our analysis with a brief review of the August 13, 2012, plea hearing. The hearing began with the petitioner's attorney informing the court that the petitioner "accepts the plea offer by the State of 12 years [Department of Corrections] at 75 percent and pleads guilty to Count I." The trial court asked the petitioner a series of questions about his age, address, and education. The court read the controlled substance trafficking charge to which the petitioner was pleading guilty and read the criminal statutory section at issue. The court explained the trial rights the petitioner

8

would forego by pleading guilty, and he indicated that he had no questions about those rights. The court confirmed that the petitioner had been represented by attorney Deborah Hawkins, and the petitioner confirmed that he was satisfied with the legal services she provided him.

¶ 23    The court then turned to the possible penalties for a controlled substance trafficking conviction. The penalty for a Class 1 felony was 4 to 15 years of imprisonment. See 730 ILCS 5/5-4.5-30(a) (West 2010). A conviction for controlled substance trafficking mandated a "term of imprisonment not less than twice the minimum term." 720 ILCS 570/401.1(b) (West 2010). Therefore, the applicable extended term range was between 8 and 30 years in the Department of Corrections. In addition, a sentence for controlled substance trafficking must be served at 75%, plus two years of mandatory supervised release. See 730 ILCS 5/3-6-3(a)(2)(v), 5-4.5-30(*l*) (West 2010). The court explained that the petitioner could be fined up to $25,000.[3]

¶ 24    The court asked the petitioner if anyone had forced or threatened him into pleading guilty. The petitioner responded that he had not been forced or threatened. The court then asked the petitioner if he was entering the plea freely and voluntarily, and if he had discussed the plea with his attorney. The petitioner answered both questions affirmatively. Before asking the petitioner if he wished to plead guilty to the charge, the court stated:

> "All right. Mr. Brown, I will advise you then, sir, that I will bind myself to your negotiations. On this charge, sir, I will sentence you to 12 years in the Illinois Department of Corrections. You'll have to serve 75 percent of that. There will be a two year mandatory supervised release or parole upon your discharge from the Department of Corrections. I will also give you credit, sir, for all time served awaiting sentencing."

---

[3]The trial court provided an incorrect amount as the maximum fine the petitioner faced for a substance abuse trafficking conviction. The court indicated that the maximum fine was an amount not exceeding $25,000. However, the actual maximum fine was $250,000. While a Class 1 felony authorizes a fine "not to exceed, for each offense, $25,000," the statute further indicates that the fine maximum would be the greater of $25,000 "or the amount specified in the offense." 730 ILCS 5/5-4.5-50(b) (West 2010). A controlled substance trafficking conviction carries a potential fine of "the amount as authorized by Section 401 of this Act." 720 ILCS 570/401.1(b) (West 2010). Section 401 of the Criminal Code of 1961 states that the fine for violation of the section (1 gram or more but less than 15 grams of heroin) "shall not be more than $250,000." *Id.* § 401(c).

9

After accepting the petitioner's plea, the court again stated to the petitioner that "[y]ou will have to serve 75 percent of that sentence, sir," and asked him if he understood the sentence being imposed. The petitioner responded: "Yes, sir." The court asked the petitioner if he had any questions about the sentence. The petitioner responded: "No, sir." The court asked the petitioner if that was the sentence he negotiated. The petitioner responded: "Yeah."

¶ 25    The defendant's attorney—not the trial court—is responsible to advise the defendant of the collateral effects of his plea. *People v. Correa*, 108 Ill. 2d 541, 549 (1985) (citing *Fruchtman v. Kenton*, 531 F.2d 946 (9th Cir. 1976); *Michel v. United States*, 507 F.2d 461 (2d Cir. 1974)). The trial court's subsequent admonishments about the consequences of a guilty plea do not necessarily correct any previous misrepresentation made by plea counsel. See *People v. Morreale*, 412 Ill. 528, 533 (1952).

¶ 26    Illinois law is clear that misstatements of the law or misrepresentations about any aspect of sentencing options made by counsel to a defendant can amount to ineffective assistance of counsel. See *Correa*, 108 Ill. 2d at 553 (where the supreme court affirmed that the defendant's guilty plea was not intelligently and knowingly made because counsel failed to advise the defendant of the collateral consequences attached to a guilty plea—deportation); *Morreale*, 412 Ill. at 533-34 (where the supreme court reversed the trial court's judgment because the defendant entered his guilty plea after a hurried assurance by counsel that he would be sentenced to probation, and thus the ends of justice would be better served by permitting the defendant to withdraw his guilty plea); *People v. Owsley*, 66 Ill. App. 3d 234, 236-37 (1978) (where the appellate court reversed the trial court's denial of the petitioner's postconviction petition that alleged the details of the proposed agreed-to sentence were not as represented to her by counsel).

10

¶ 27    In this case, we note that the record on appeal contains no direct evidence that the petitioner's attorney made the alleged misstatements. The petitioner's attorney correctly verbalized the petitioner's proposed plea deal at the hearing. The alleged misstatements occurred during the petitioner's consultation with his attorney during the negotiation process. While the petitioner alleges that his attorney made these misstatements, no supporting affidavits, records, or other evidence were attached to the postconviction petition.

¶ 28    The petitioner cites several cases as authority for his contention that his plea counsel's misstatements constituted ineffective assistance of counsel. We find that the cases cited are distinguishable as each has a different procedural presentation. We briefly consider these cases.

¶ 29    In *People v. Owsley*, 66 Ill. App. 3d 234 (1978), the petitioner alleged that her attorney misrepresented aspects of her negotiated sentence involving parole, weekend furloughs, and work release. *Id.* at 236. She filed a direct appeal from the trial court's denial of her motion to withdraw her guilty plea, and she argued that "due to her misunderstandings with her trial counsel and her lack of understanding of trial procedure, the guilty plea was not knowingly and understandingly entered." *Id.* The trial court's order was affirmed on appeal. *Id.* (citing *People v. Owsley*, 51 Ill. App. 3d 16 (1977)). The petitioner then filed a postconviction petition with affidavits supporting her allegations. *Id.* Noting that being misled by an attorney involves the issue of the efficacy of counsel's assistance, the court stated: "If the allegation in the affidavits submitted with the petition for post-conviction relief in this case are true, then the petitioner was surely misled ***." *Id.* at 236-37. The court also indicated that the petitioner could not have raised this issue on direct appeal because there was no evidence of ineffective assistance of counsel in the record, and thus she could not have waived the issue for postconviction review. *Id.* at 237.

¶ 30    The facts of this case are distinguishable from those in *People v. Owsley* in that the petitioner failed to provide any evidentiary support for the allegations contained in his postconviction petition. See also *Correa*, 108 Ill. 2d at 553 (while the case developed from a postconviction petition, the petitioner provided supportive evidence of his attorney's failure to advise him that deportation was a collateral consequence to pleading guilty); *Morreale*, 412 Ill. at 532-33 (on direct appeal, the supreme court reversed the trial court's denial of the defendant's request to withdraw his guilty plea because the consultation and plea negotiations were construed as rushed and confusing, and likely led to the defendant's misunderstanding that he could receive probation); *People v. Boyd*, 2018 IL App (5th) 140556, ¶¶ 21-23 (on direct appeal, the trial court reversed the trial court's denial of the defendant's motion to withdraw his guilty plea based on testimony of plea counsel and the defendant about counsel's inaccurate explanation of programs and credits the defendant could expect to receive).

¶ 31    The State counters with the argument that dismissal of postconviction petitions has been upheld when the allegations in the postconviction petition were in contradiction to the record on appeal. See *People v. Rogers*, 197 Ill. 2d 216, 222 (2001). If the postconviction allegations are affirmatively rebutted by the record on appeal, the claims can be construed as frivolous, and the court can dismiss the petition. *People v. Knapp*, 2020 IL 124992, ¶ 50. Here, the record on appeal indicates that the petitioner was advised at his plea hearing on three occasions that his agreed-to sentence would need to be served at 75%. The petitioner's attorney stated this in the agreed-to plea with the State, and the court stated the 75% requirement on two more occasions during the hearing. Although the petitioner, through his appointed counsel, filed a postconviction petition alleging that he was misled by plea counsel, the record lacks supporting evidence. Without any affidavits, records, or other evidence attesting to the alleged misrepresentations, we are unable to conclude

12

that the petitioner's plea counsel failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687.

¶ 32    ii. *Failure to Prepare a Defense to Controlled Substance Trafficking*

¶ 33    The petitioner next argues that he was prejudiced by counsel's failure to prepare a defense to controlled substance trafficking. "Trial counsel has a professional duty to conduct 'reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.' " *People v. Domagala*, 2013 IL 113688, ¶ 38 (quoting *Strickland*, 466 U.S. at 691). The duty requires counsel to investigate potential defenses. *Id.* (citing *People v. Kokoraleis*, 159 Ill. 2d 325, 329 (1994)). If the record objectively establishes that trial counsel knew or had reason to know that there was a possible defense, then counsel's failure to fully investigate that possible defense may constitute ineffective assistance of counsel. *Id.* (quoting *Brown v. Sternes*, 304 F.3d 677, 692 (7th Cir. 2002)).

¶ 34    In this case, the petitioner was charged with controlled substance trafficking and unlawful delivery of a controlled substance. The controlled substance trafficking charge indicated that the petitioner brought more than 1 gram but less than 15 grams of heroin into Illinois. In his *pro se* postconviction petition, the petitioner alleged that he had been arrested for bringing 1 gram into Illinois—meaning not more than 1 gram. He implicitly argues that his plea counsel would have had a valid defense for the controlled substance trafficking charge based upon the weight of heroin involved in this case.

¶ 35    First, we note that the *pro se* motion to reconsider that contained this allegation was dismissed and a postconviction petition was filed. Second, while the postconviction petition contends that counsel did not adequately prepare a defense to the trafficking offense, there was no specificity that the issue involved the weight of the heroin. The problem with this argument is that

13

there is no evidence in the record on appeal about the weight of the heroin at issue. Discovery was produced by the State to support its trafficking charge. The record contains the State's September 30, 2011, answer to the petitioner's discovery request which indicated that it contained 124 pages of the Granite City Police Department's reports and digital video recordings. However, those reports and digital video recording are not part of the record on appeal. Without supplemental inclusion of the discovery material in the record on appeal, we are incapable of further review of this issue. Without these police reports presumptively supporting the State's charge, we have no basis to conclude that plea counsel was ineffective. Further, the petitioner acknowledged that he brought "one gram" of heroin to Illinois, an amount consistent with the crime charged. As stated in footnote 1, the petitioner was charged with violating section 401.1(a) of the Criminal Code of 1961 for trafficking "1 gram or more but less than 15 grams" of heroin. 720 ILCS 570/401(c)(1), 401.1(a) (West 2010). Despite the petitioner's implicit claim that the weight of the heroin he brought to Illinois was inconsistent with the statutory requirements for the trafficking crime, the petitioner's own admission contained in his *pro se* motion contradicts that argument. Accordingly, the petitioner is unable to establish his ineffective assistance claim on this basis.

¶ 36          iii. *Failure to Meet With the Petitioner to Review Discovery*

¶ 37    The petitioner also contends that his plea counsel was ineffective because she did not meet with him to review discovery, failed to completely understand his criminal history, and failed to advise him of any option of an open plea. As with the previous two ineffective assistance claims, this claim is also not supported with any "affidavits, records, or other evidence supporting its allegations." 725 ILCS 5/122-2 (West 2016). Therefore, we conclude that the petitioner is unable to establish his ineffective assistance claim on these bases.

14

¶ 38          C. Postconviction Counsel Provided Unreasonable Assistance

¶ 39     The petitioner alternatively argues that his appointed postconviction counsel provided unreasonable assistance by failing to attach any affidavits, records, or other evidence to support his claims. He asks this court to remand this case back to the trial court so that postconviction counsel may conform the petition to the requirements of Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 40     We initially review the level of legal assistance required in a postconviction process. We note that the right to counsel in postconviction proceedings is based in statute—not the federal and state constitutions. See 725 ILCS 5/122-4 (West 2016). Therefore, postconviction petitioners are only guaranteed the level of legal assistance required by the Post-Conviction Hearing Act. *People v. Owens*, 139 Ill. 2d 351, 364 (1990). While a reasonable level of assistance is required by section 122-4 of the Post-Conviction Hearing Act (725 ILCS 5/122-4 (West 2016)) and Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), defendants are not guaranteed the same level of legal assistance constitutionally guaranteed to defendants at trial. *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006); *People v. Greer*, 212 Ill. 2d 192, 204 (2004); *Owens*, 139 Ill. 2d at 364.

¶ 41     The Post-Conviction Hearing Act does not require that appointed counsel provide more than "reasonable assistance," and thus any claim of ineffective assistance of appointed counsel is outside of the scope of the Act and is not allowed. *People v. Wright*, 149 Ill. 2d 36, 64 (1992). "A defendant may not properly assert a constitutional claim of ineffective assistance of postconviction counsel [citation] because a postconviction petitioner is guaranteed only the level of assistance provided by the Post-Conviction Hearing Act." *People v. Pinkonsly*, 207 Ill. 2d 555, 567 (2003); *People v. Davis*, 156 Ill. 2d 149, 158-59 (1993) (citing *People v. Flores*, 153 Ill. 2d 264 276 (1992)).

15

¶ 42    Before we review the specific claims raised by the petitioner on appeal, we will review

what should and should not be included in a postconviction petition. We will also review the three

obligations imposed upon appointed counsel by Rule 651(c).

¶ 43    Section 122-2 of the Post-Conviction Hearing Act provides guidance about what should

and should not be included in a postconviction petition:

> "The petition shall identify the proceeding in which the petitioner was convicted, give the
> date of the rendition of the final judgment complained of, and clearly set forth the respects
> in which petitioner's constitutional rights were violated. *The petition shall have attached
> thereto affidavits, records, or other evidence supporting its allegations or shall state why
> the same are not attached.* The petition shall identify any previous proceedings that the
> petitioner may have taken to secure relief from his conviction. Argument and citations and
> discussion of authorities shall be omitted from the petition." (Emphasis added.) 725 ILCS
> 5/122-2 (West 2012).

Here, the petition for postconviction relief filed by the petitioner's appointed counsel on November

12, 2014, contained no affidavits, records, or other evidence to support its allegations that plea

counsel provided ineffective assistance. Additionally, appointed counsel's petition was not in

compliance with section 122-2 of the Post-Conviction Hearing Act because counsel did not include

the mandatory statement explaining why supporting evidence was not attached to the petition.

¶ 44    Illinois Supreme Court Rule 651(c) provides the foundation for our appellate review. To

ensure reasonable assistance, Rule 651(c) requires that the record in postconviction proceedings

demonstrate that postconviction counsel meet three specific obligations. *People v. Lander*, 215 Ill.

2d 577, 584 (2005). Counsel must (1) consult with the defendant to ascertain his claims of error,

(2) examine the trial court record, and (3) make any amendments to the petition that are necessary

to adequately present the defendant's claims to the postconviction court. Ill. S. Ct. R. 651(c). The

duty to amend the petition requires postconviction counsel to "shape the petitioner's claims into

proper legal form." *People v. Perkins*, 229 Ill. 2d 34, 43-44 (2007). Appointed counsel must make

amendments deemed necessary to "adequately" present the claims the defendant raised in the *pro*

16

*se* petition. *People v. Wallace*, 2018 IL App (5th) 140385, ¶ 30 (citing *People v. Turner*, 187 Ill. 2d 406, 412 (1999)). However, appointed counsel is not required to file an amended petition if the claims raised by the defendant lack merit. *Id.*; *Davis*, 156 Ill. 2d at 164. Similarly, the Rule 651(c) requirement that appointed counsel must examine the record only requires that counsel "examine as much of the [record] as is necessary to adequately present and support those constitutional claims raised by the petitioner." *Davis*, 156 Ill. 2d at 164.

¶ 45 One aspect of "reasonable assistance" is compliance with Rule 651(c). Ill. S. Ct. R. 651(c); *People v. Daniels*, 388 Ill. App. 3d 952, 960 (2009) (citing *People v. Bashaw*, 361 Ill. App. 3d 963, 967 (2005)). A Rule 651(c) certificate filed by appointed counsel presents a rebuttable presumption that counsel provided reasonable assistance. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. The defendant has the burden to overcome this presumption by establishing that his or her appointed counsel did not comply with the mandatory Rule 651(c) duties. *Id.* The question of whether the defendant was provided with a reasonable level of assistance is reviewed *de novo*. *Wallace*, 2018 IL App (5th) 140385, ¶ 31.

¶ 46 We start with the Rule 651(c) certificate filed with the court. Appointed counsel filed his certificate with the court on September 26, 2018, and included language directly quoting the three Rule 651(c) obligations. Counsel's form appears to be a preprinted form with blanks for the name of the defendant, the case number, and the name of postconviction counsel. The form also contained lines for the filing date and postconviction counsel's signature. In form, the Rule 651(c) certificate filed in this case was compliant with the requirements of the rule. However, in substance, we find that the certificate was potentially insufficient. The certificate contains no detail connected to this case. The form does not outline how counsel communicated with the petitioner, does not indicate how many times the two communicated, and simply states that the attorney

17

"made any amendments to the petition filed *pro se* that are necessary for adequate presentation of petitioner's contentions." As stated earlier in this order, appointed counsel did not attach any supporting affidavits, records, or other evidence to the postconviction petition.

¶ 47    The ineffective assistance claims asserted by the petitioner involved communications he had with plea counsel. Those conversations are not typically appropriate for a direct appeal because the trial court record does not include transcripts of off-record attorney-client communication. Consequently, postconviction hearings present the better forum for consideration of this type of issue. But to consider that type of issue, the postconviction petition must be supported with evidence.

¶ 48    We are reminded that if appointed counsel ascertained that the petitioner's *pro se* claims were not supported with evidence, appointed counsel was not required to file an "amended" postconviction petition. *Wallace*, 2018 IL App (5th) 140385, ¶ 30. Here, by filing the petition, appointed counsel implicitly acknowledged that the claim potentially had merit. " 'Neither paid nor appointed counsel may deliberately mislead the court with respect to either the facts or the law, or consume the time and the energies of the court or the opposing party by advancing frivolous arguments.' " *People v. Greer*, 212 Ill. 2d 192, 207 (2004) (quoting *McCoy v. Court of Appeals*, 486 U.S. 429, 436 (1988)). If appointed counsel found that the petitioner's claim had possible merit, we conclude that supportive documentation was required for the type of claims the petitioner advanced.

¶ 49    The State counters that appointed counsel's Rule 651(c) certificate contained the requisite language, and therefore, we should find that the petitioner cannot overcome the presumption that counsel provided reasonable assistance. The Illinois Supreme Court has made clear that the purpose of Rule 651(c) is not a mere formality. *People v. Suarez*, 224 Ill. 2d 37, 47 (2007) (quoting

18

*People v. Brown*, 52 Ill. 2d 227, 230 (1972)). Moreover, an attorney's Rule 651(c) certificate is not automatically conclusive, and can be rebutted. *People v. Schlosser*, 2012 IL App (1st) 092523, ¶ 33 (quoting *People v. Perkins*, 229 Ill. 2d 34, 52 (2007)).

¶ 50    While we recognize that counsel's preprinted Rule 651(c) certificate quoted the precise verbiage of Rule 651(c), we cannot conclude, on that basis alone, that his representation was reasonable. At the hearing, appointed counsel argued that plea counsel failed to properly advise the petitioner of the sentencing ramifications of the proposed plea. While appointed counsel made these claims in both the petition and in his subsequent argument in opposition to the State's motion to dismiss, he provided no evidence to support the allegations. Not only did appointed counsel fail to attach any affidavits, records, or other evidence to support the defendant's claims, appointed counsel failed to offer any explanation for the absence of any supportive evidence. See *People v. Turner*, 187 Ill. 2d 406, 414 (1999) (citing 725 ILCS 5/122-2 (West 1996)). Rule 651(c) requires counsel to make any amendments to the *pro se* initial pleading that are "necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c). Here, appointed counsel did little more than copy the allegations the petitioner made in his motion to reconsider. The petitioner's claims about plea counsel's alleged misrepresentation of sentencing issues required more than a mere allegation in the postconviction petition that plea counsel misstated these sentencing conditions. At a minimum, testimony, or an affidavit of both the plea counsel and the petitioner, would have been necessary to effectively support those claims.

¶ 51    In addition, there was an issue proposed by the petitioner and advanced by appointed counsel about a defense to the trafficking charge. We find that additional documentation was mandated for an adequate presentation of the trafficking issue. While the amount of heroin that the petitioner acknowledged in his *pro se* motion, one gram, would have been consistent with the

19

minimum amount of heroin required to be charged with trafficking, the State did not provide a factual basis to indicate the weight of the heroin at issue. When the trial court accepted his guilty plea, the State informed the court that the amount of heroin involved was "less than 15 grams"—the top of the range for the crime charged. 720 ILCS 570/401.1, 401(c)(1) (West 2010). The police reports likely listed the weight of the heroin seized since the charge was based upon the weight of the heroin. Postconviction counsel merely argued that the defendant "might have had a defense to the offense of trafficking based on, among other things, the amount in question here."

¶ 52    As stated earlier, to comply with Rule 651(c), appointed counsel is required to have "made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c). Although appointed counsel's preprinted form indicated that he had amended the petition, he did not amend the petition to adequately present the petitioner's claims. *Id.* We therefore find that the petitioner has adequately rebutted the presumption that appointed counsel provided reasonable representation in this case.

¶ 53    The State also argues that we should presume the petitioner's postconviction counsel attempted to obtain evidence, including the petitioner's own affidavit, but was unable to do so. *People v. Johnson*, 154 Ill. 2d 227, 241 (1993). The State continues by arguing that the petitioner failed to overcome the presumption provided by counsel's Rule 651(c) certificate because he did not independently provide evidentiary material in support of his claim to prove its existence. We are not persuaded by this argument. As noted previously, postconviction counsel argued that petitioner had been misled by plea counsel. At the hearing on the motion to dismiss, postconviction counsel argued:

> "I think is perhaps the most egregious violation, [plea counsel] actively misrepresented to him that his 12-year sentence would be eligible for certain good times and what have you, yet he appears to be serving that sentence at a 75 percent rate, which was never explained to him by his attorney and I don't think that he was admonished of as much at the time of

20

his plea. I think we have rules in effect since that time that those things have to be stated on the record, but nonetheless, to not be able to advise the defendant properly about what kind of real time he would be doing I think violates the Sixth Amendment."

As stated, appointed counsel " 'may [not] deliberately mislead the court with respect to *** the facts ***, or consume the time and the energies of the court *** by advancing frivolous arguments.' " *Greer*, 212 Ill. 2d at 207 (quoting *McCoy*, 486 U.S. at 436).

¶ 54    In concluding that appointed counsel failed to provide reasonable legal assistance, we are guided by the Illinois Supreme Court's analysis in *People v. Turner*. The supreme court was presented with a different issue in *Turner*. In *Turner*, appointed counsel failed to amend the *pro se* postconviction petition to add an ineffective assistance of appellate counsel claim. *Turner*, 187 Ill. 2d at 409, 412-13. Because the ineffective appellate assistance claim was not brought on direct appeal, the claim was forfeited. *Id.* Despite the factual differences between this case and *Turner*, we find that the analysis remains helpful. Appointed counsel did not amend the petition, did not raise the additional elements at the hearing on the State's motion to dismiss, and attached no affidavits, records, or other evidence to support the petitioner's *pro se* petition. *Id.* at 414. The State countered that the petitioner was not prejudiced because the underlying claims at issue lacked merits, and thus the trial court's dismissal should be affirmed. *Id.* at 415. The supreme court concluded that it would "not speculate whether the trial court would have dismissed the petition without an evidentiary hearing if counsel had adequately performed his duties under Rule 651(c)." *Id.* at 416 (citing *Johnson*, 154 Ill. 2d at 246). The court stated: "On a more fundamental level, it is improper to affirm the dismissal of a post-conviction petition when this court finds that post-conviction counsel's performance was so deficient that it amounts to virtually no representation at all." *Id.* at 415-16.

21

¶ 55    More recently, the Illinois Supreme Court concluded in *People v. Suarez* that the record did not support a conclusion that appointed counsel, who had not filed a Rule 651(c) certificate, had nevertheless complied with the rule. *People v. Suarez*, 224 Ill. 2d 37, 43-44 (2007). The supreme court determined that appointed counsel's failure to comply with Rule 651(c) did not constitute harmless error. *Id.* at 44. The court stated that its Rule 651(c) analysis was not based on whether the postconviction petitions contained a potentially meritorious issue or issues but was driven "by the conviction that where postconviction counsel does not adequately complete the duties mandated by the rule, the limited right to counsel conferred by the Act cannot be fully realized." *Id.* at 51 (citing *Brown*, 52 Ill. 2d at 230).

¶ 56    We recognize that Rule 651(c) " 'is merely a vehicle for ensuring a reasonable level of assistance' [citation] and should not be viewed as the only guarantee of reasonable assistance in postconviction proceedings." *People v. Cotto*, 2016 IL 119006, ¶ 41 (quoting *People v. Anguiano*, 2013 IL App (1st) 113458, ¶ 37). "[A] defendant is not required to make a positive showing that his counsel's failure to comply with Rule 651(c) caused prejudice." *People v. Nitz*, 2011 IL App (2d) 100031, ¶ 18 (citing *People v. Perkins*, 367 Ill. App. 3d 895, 905 (2006), *rev'd on other grounds*, 229 Ill. 2d 34 (2007)). Merely stating the Rule 651(c) language in a certificate, without more, does not guarantee that the petitioner received reasonable assistance.

¶ 57    Although prejudice may not be mandated, we conclude that in this case, appointed counsel's unreasonable representation certainly prejudiced the outcome of petitioner's second stage postconviction hearing. See *People v. Landa*, 2020 IL App (1st) 170851, ¶¶ 58, 70. Here, based upon the nature of the issues the petitioner raised, we find that without affidavits, records, or other evidence to support the claims, the postconviction petition lacked merit. Without the evidence that could confirm or rebut the petitioner's trafficking issue, the prejudicial nature of the

evidentiary oversight is undeniable. If the amount of heroin seized from the petitioner was less than one gram, the charge and associated penalties would have been vastly different. Additionally, the potential provision of misinformation about the conditions related to the sentence the petitioner faced may have resulted in the petitioner making a different decision about the offered plea. "As our supreme court has said, we are not to presume how the trial court would have ruled on a petition at the second stage 'if counsel had adequately performed his duties under Rule 651(c),' because '[i]t is the duty of the trial court *** to determine on the basis of a complete record whether the [postconviction] claims require an evidentiary hearing.' " *Id.* ¶ 71 (quoting *Johnson*, 154 Ill. 2d at 246).

¶ 58                                    III. CONCLUSION

¶ 59     For the foregoing reasons, we reverse the Madison County circuit court's order dismissing the petitioner's postconviction petition and remand for further second stage postconviction proceedings.


¶ 60     Reversed and remanded.