NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 231013-U

NO. 4-23-1013

IN THE APPELLATE COURT

FILED
June 18, 2025
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| DEVEN L. DeSCHEPPER, | ) | No. 17CF455 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Clayton R. Lee, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Vancil and Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court vacated the dismissal of defendant's amended postconviction petition, holding defendant demonstrated the record rebutted the presumption of postconviction counsel's compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) created by counsel's filing of a certificate pursuant to Rule 651(c) and remanded for counsel to file a further amended petition consistent with the requirements of the rule.

¶ 2    Defendant, Deven L. DeSchepper, appeals from the second-stage dismissal of his petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)), asserting postconviction counsel failed to comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). He contends postconviction counsel violated Rule 651(c) by (1) failing to include necessary allegations of prejudice in a claim of ineffective assistance of guilty plea counsel and (2) failing to support a claim of ineffective assistance of counsel after the plea with an affidavit consistent with the allegations in the claim. We vacate the dismissal and remand the cause.

¶ 3                                  I. BACKGROUND

¶ 4                         A. The Charges and Plea Agreement

¶ 5        In June 2017, defendant was charged by information with six offenses: (1) one count of unlawful possession with intent to deliver 5 grams or more, but less than 15 grams, of 3,4-methylenedioxymethamphetamine (MDMA) (720 ILCS 570/401(c)(7.5)(i) (West 2016)) within 1,000 feet of a public park (*id.* § 407(b)(1) (West 2016)); (2) one count of unlawful possession with intent to deliver 5 grams or more, but less than 15 grams, of MDMA (*id.* § 401(c)(7.5)(i)); (3) one count of possession with intent to deliver more than 30 grams but not more than 500 grams of cannabis (720 ILCS 550/5(d) (West 2016)); (4) one count of unlawful possession with intent to deliver less than a gram of cocaine (720 ILCS 570/401(e) (West 2016)); (5) one count of aggravated unlawful use of a weapon (carrying a firearm on a public street) (720 ILCS 5/24-1.6(a)(1)(3)(A-5) (West 2016)); and (6) one count of armed violence (*id.* § 33A-2(a)) predicated on defendant's possession of cannabis. In August 2017, the State amended the information to include two additional charges: (1) one count of unlawful possession with intent to deliver 5 or more grams but less than 15 grams of methamphetamine (720 ILCS 646/55(a)(1), (2)(B) (West 2016)) and (2) one count of possession with intent to deliver less than 5 grams of methamphetamine (*id.* § 55(a)(1), (2)(A)).

¶ 6        In June 2017, the trial court ordered three other cases involving defendant—Rock Island County case Nos. 16-CM-890, 16-TR-5611, and 16-TR-9449—to be heard in conjunction with this case.

¶ 7        On May 23, 2019, the parties told the trial court they had reached a fully negotiated plea agreement. The State explained the agreement as follows:

          "[D]efendant is going to plead guilty to Count I of the [amended information], the

charge Class 1 possession with intent to deliver methamphetamine. He's going to receive a sentence of 8 years in the Illinois Department of Corrections [(DOC)] followed by a 2-year period of mandatory supervised release, with a boot camp recommendation. The State is agreeing that fines and costs are to equal bond. The State is dismissing all the various other traffic matters and counts that have been merged with this. Bond all to be transferred to the felony and to satisfy the totality of fines and costs. So he won't be getting anything back and he won't owe anything when he goes to [DOC].

The State has also agreed that *** defendant will be advised, that a boot camp is 100 percent discretionary program at [DOC]. If the defendant does not get into boot camp, and the only reason he doesn't get into boot camp is completely outside of his control, such as he has a heart murmur or something else that makes *** him ineligible, the State would agree to modify his sentence down to 6 years. If he doesn't get in for a discretionary matter because they don't like his attitude, they don't like how he walked in the door that day, or how he said, yes, then he serves the 8 years. And, obviously, those are risks that [DOC] has complete authority as to whether they let him in the program or not."

Defense counsel told the court his understanding of the agreement was the same. Defendant stated he understood the agreement, and the court admonished him of his rights and the consequences of the plea. Defendant was taken into custody the same day.

¶ 8                                  B. Defendant's History in DOC

¶ 9          DOC accepted defendant into the impact incarceration program (boot camp) on February 24, 2020. In July 2020, it certified defendant had completed boot camp, and his sentence

was reduced to the time he had served as of June 23, 2020.

¶ 10                              C. Defendant's *Pro Se* Postconviction Petition

¶ 11            In February 2022, defendant filed a *pro se* petition under the Act in which he asked the trial court to vacate his guilty plea. Appended to the body of the petition is a handwritten document, which we are treating as an addendum to the petition. The petition as a whole asserts multiple claims. Three of these claims are directly relevant to this appeal, namely, two claims of ineffective assistance of counsel and one claim the State failed to perform under the plea agreement. Central to all three claims were allegations the State, in violation of the terms of the plea agreement, failed to immediately dismiss the charges in the associated cases and failed to immediately settle defendant's outstanding fines and fees from his bond, and as a consequence, defendant's acceptance into boot camp was delayed for longer than the length of the boot camp program itself.

¶ 12            Defendant further alleged defense counsel had not responded to his attempts to get aid in correcting the State's failure to perform its part of the agreement. He offered evidence tending to show the State's eventual compliance with the agreement was the product of his mother's efforts. Moreover, he asserted, when he entered the plea, he was under the impression the composition and weight of the alleged methamphetamine forming the basis for the charges had been verified to be methamphetamine by forensic testing. He challenged the factual basis for the plea, asserting (1) the particulars of the case did not support a conviction for possession *with intent to deliver* and (2) the State did not make it clear no forensic testing of the alleged methamphetamine had occurred. He concluded by saying he was uncertain whether his claims required him "to articulate a defense," but if he were, he would note he was "not found at the scene" and the State lacked direct evidence the alleged methamphetamine (or the backpack it was

- 4 -

found within) belonged to him. Defendant asked the trial court to vacate his guilty plea, thus implying the remedy for the State's delayed compliance with the plea agreement was, in essence, a recission of the plea agreement.

¶ 13       In the addendum to the petition, defendant noted he "demonstrated intrest [*sic*] to withdraw [his] plea/appeal to counsel before the errors [(*i.e.*, the State's failure to immediately comply with the agreement)] were identified." He alleged, "as soon as [he] was transferred to a prison instead of [boot camp, he] conveyed [his] intrests [*sic*]/worries to counsel, yet [counsel] failed to ever consult with [him] about them."

¶ 14       The petition alleged defendant was unable to obtain the affidavits from defense counsel, the assistant state's attorney assigned to his case, or the trial judge. However, he supported his claims with an affidavit of his own and his mother's affidavit. In his affidavit, defendant averred guilty plea counsel had failed to (1) give him accurate information about the forensic testing of the alleged methamphetamine, (2) actively negotiate with the State, and (3) advise him about the chance of delay in his admission to boot camp. Further, when defendant discovered he had not immediately been admitted to boot camp, he contacted counsel:

> "I was told by various counselors that I had been approved and would wait for no longer than 3 weeks to be sent to [a boot camp] facility. 3 weeks went by and I ended up being transferred to a medium-maximum security prison. Immediately I called my Defense Counselor and asked him to figure out what was going on and conveyed that if he found out I was denied for [boot camp] that he would get me back into Court to withdraw my Plea or at least make some kind of appeal, [defense counsel] told me not to worry and I had talked to him 2-3 times concerning the same things before I was no longer able to get ahold of [him]. I never was able to get ahold of [defense

counsel] once I had found out I had been denied for [boot camp] or that my agreement had been violated by the State[.]" Although the affidavit and the petition indicated defendant made calls to counsel early in his imprisonment to ask for help in potentially withdrawing his guilty plea, we find no specific assertion he made the calls within 30 days of the entry of his plea.

¶ 15 Defendant also averred, through his mother's efforts, he learned he had been denied admission to boot camp due to the State's failure to take the agreed upon steps necessary to make him eligible. Defendant's mother's affidavit stated, among other things, when, on July 5, 2019—that is, more than 30 days after defendant's plea—she learned defendant was denied admission to boot camp, she called defense counsel, who told her he could not do anything.

¶ 16 The trial court appointed counsel to represent defendant in the postconviction proceedings.

¶ 17 D. The Amended Postconviction Petition

¶ 18 Postconviction counsel filed an amended petition in May 2023. It stated defendant had successfully completed boot camp and was on mandatory supervised release when he filed his original petition. The amended petition did not incorporate by reference the original petition or its exhibits. The petition raised two claims of relevance to this appeal, both of which asserted guilty plea counsel was ineffective. The first asserted plea counsel provided ineffective assistance before defendant entered his plea:

"[(1)] [Counsel] told [defendant] that he would get boot camp and that he would be home within six months. [Defendant] pled guilty according to the plea agreement in [*sic*] that basis.

[(2)] [Counsel] misinformed [defendant] as to the time that he would be in

- 6 -

boot camp, and therefore [counsel's] representation fell below an objective standard of reasonableness.

[(3)] And it resulted in prejudice to [defendant] because he served longer than he believed he would have, and he gave up an opportunity to face a trial and present a defense.

[(4)] Therefore, [defendant] received ineffective assistance of counsel."

¶ 19    The second asserted plea counsel was ineffective for failing to assist defendant when the State failed to timely comply with its obligations under the plea agreement.

"[(1)] Further, [defendant] contacted his attorney less than 30 days after his plea of guilty and asked him to withdraw his plea."

"[(2)] His attorney did not file any pleadings to that effect, nor a motion for extension of time to do so. [Citations.]"

[(3)] [Defendant's] attorney failed to file a pleading that would have been appropriate, therefore falling below an objective standard of reasonableness.

[(4)] And it resulted in prejudice to [defendant] because he would have been able to withdraw his plea.

[(5)] Therefore, [defendant] received ineffective assistance of counsel."

¶ 20    Postconviction counsel attached exhibits to the petition; these included electronic records tending to show the State did not move to dismiss the charges in the other cases involved in the agreement until August 2019, and defendant had fees and fines outstanding as of September 2019. The exhibits included a new affidavit from defendant. The affidavit contained averments supporting the petition's claims. However, it failed to include any averment to support the allegation defendant "contacted his attorney less than 30 days after his plea of guilty and asked

him to withdraw his plea." The petition was accompanied by postconviction counsel's certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 21    The State moved to dismiss the petition. It conceded the pending charges in case No. 17-CM-79 had prevented DOC from immediately accepting defendant into boot camp. It further conceded guilty plea counsel was arguably unreasonable for failing to ensure the immediate dismissal of the charges—a matter which by then was moot. However, it argued, *inter alia*, both defendant's claims of ineffective assistance of counsel were fatally defective because he failed to adequately allege, but for counsel's unreasonable action, he would have chosen to stand trial.

¶ 22    The trial court dismissed the petition on June 22, 2023, after a hearing on the State's motion. Postconviction counsel called defendant as a witness to ask a "couple clarification questions." Defendant testified, if he knew the State would not dismiss the charges it had agreed to dismiss and his trial counsel would not rectify the failure, he would have sought to go to trial. He still sought this despite knowing he would face additional imprisonment in DOC beyond the time he had already served. The court ruled defendant was aware he might not receive boot camp, and he was therefore adequately counseled.

¶ 23    Postconviction counsel filed a motion to reconsider. Counsel argued the trial court had failed to address defendant's claim that the State had failed to honor its agreement with defendant. He contended, under *People v. Clark*, 386 Ill. App. 3d 673 (2008), and *People v. Whitfield*, 217 Ill. 2d 177 (2005), the State's agreement is enforceable.

¶ 24    At the motion hearing on October 10, 2023, postconviction counsel made a brief argument suggesting the claim that the State had failed to give defendant the benefit of the bargain had not been addressed. Defendant then personally argued his claims, explaining why he would have gone to trial. The trial court denied defendant's motion to reconsider.

¶ 25    This appeal followed.

¶ 26    II. ANALYSIS

¶ 27    In this appeal, defendant asserts counsel violated Rule 651(c)'s requirement counsel make all necessary amendments to the *pro se* petition because (1) postconviction counsel failed to include an affidavit to support his claim of ineffective assistance of counsel after his guilty plea and (2) counsel failed to properly allege defendant was prejudiced by guilty plea counsel's unreasonable representation of him during the plea process.

¶ 28    A. Postconviction Standards

¶ 29    The first step in our analysis of both claims is to address the standards for postconviction counsel's representation of a defendant and for the trial court's dismissal of a petition on the State's motion.

¶ 30    1. *Standards Under the Act*

¶ 31    The Act affords a criminal defendant an opportunity to assert a claim they suffered a substantial denial of their constitutional rights in the proceedings resulting in their conviction. 725 ILCS 5/122-1(a)(1) (West 2022). "The Act provides a three-stage mechanism for a defendant to advance such a claim." *People v. Addison*, 2023 IL 127119, ¶ 18. At the first stage, the trial court must independently review the petition and dismiss it if it is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2022). If the court does not dismiss the petition at the first stage, it may appoint counsel to assist a defendant who is indigent. *Id.* § 122-4. At this point, Rule 651(c) requires counsel to make "necessary" amendments to the petition. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 32    At the second stage, "the State shall answer or move to dismiss." 725 ILCS 5/122-5 (West 2022). [T]o avoid dismissal at the second stage of postconviction proceedings, a

postconviction petition must make a substantial showing of a constitutional violation." (Internal quotation marks omitted.) *People v. Beasley*, 2017 IL App (4th) 150291, ¶ 30.

¶ 33                    2. *General Standards for Postconviction Representation*

¶ 34          A defendant's right to counsel in a proceeding under the Act derives solely from the Act, and a defendant filing a petition under the Act is entitled only to the level of assistance guaranteed by the Act—a level our courts call a "reasonable level of assistance." (Internal quotation marks omitted.) *Addison*, 2023 IL 127119, ¶ 19.

¶ 35          Petitioner's right to reasonable assistance is protected by Rule 651(c), which provides: "The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has *** made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

> "Compliance with the rule is mandatory [citation], but once postconviction counsel files a Rule 651(c) certificate, a rebuttable presumption of reasonable assistance arises [citation]. The defendant bears the burden of overcoming that presumption by showing that postconviction counsel did not substantially comply with the strictures of the rule. [Citation.] The defendant may do so by, *inter alia*, demonstrating that postconviction counsel did not make all necessary amendments to the *pro se* petition." *Addison*, 2023 IL 127119, ¶ 21.

"The failure to shape [a] defendant's claims into their proper form violates Rule 651(c)." *Id.* ¶ 27. This is true of all claims in the amended petition, regardless of whether a particular claim originated with defendant or counsel. *People v. Agee*, 2023 IL 128413, ¶¶ 39-46.

¶ 36          *Addison* made clear a reviewing court *must*—without regard to prejudice—remand

a matter when it determines counsel did not comply with Rule 651(c): "Because counsel did not comply with Rule 651(c), our case law dictates that the cause should be remanded without a consideration of whether the petition's claims have merit." *Addison*, 2023 IL 127119 ¶ 33.

¶ 37 We review *de novo* both a trial court's second-stage dismissal of a postconviction petition and the proper interpretation of a supreme court rule. *People v. Huff*, 2024 IL 128492, ¶ 13.

¶ 38 B. The Claim Relating to Failure to File a Motion to Withdraw the Plea

¶ 39 Defendant first asserts postconviction counsel violated Rule 651(c) by failing to support by affidavit the amended petition's allegation defendant made a timely request to guilty plea counsel to move to withdraw the plea.

¶ 40 We agree counsel violated Rule 651(c) by failing to support the allegation defendant "contacted his attorney less than 30 days after his plea of guilty and asked him to withdraw his plea," an allegation we note is not found in the original petition or associated affidavits. We find no reason counsel would be unable to provide support for an allegation included only in the amended petition. We thus conclude defendant has shown the record overcomes the presumption of Rule 651(c) compliance created by counsel's filing of a certificate of Rule 651(c) compliance.

¶ 41 Section 122-2 of the Act (725 ILCS 5/122-2 (2022)) provides, "The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." As stated in *People v. Johnson*, 154 Ill. 2d 227, 247 (1993), postconviction counsel "has an obligation under Rule 651(c) to attempt to obtain affidavits from *** witnesses [named in the petition] for the purpose of shaping the allegations in the post-conviction petition into appropriate legal form." By natural extension, counsel also has an

obligation to obtain other supporting evidence identified in the petition.

¶ 42          Of course, *Johnson* requires counsel only "attempt" to obtain the evidence required to shape allegations into proper form. *Id.* Generally, counsel's filing of a Rule 651(c) certificate would require us to presume counsel did so—although we nevertheless suggest, to shape the allegation into proper form, counsel ought to "state why the [affidavits, records, or other evidence] are not attached." 725 ILCS 5/122-2 (West 2022).

¶ 43          Here, however, the circumstances allow a clear inference the omission of the required evidence was an error by counsel. First, the amended petition omitted claims in the *pro se* petition, such as a claim the trial court lacked the authority to impose the sentence. We may thus conclude counsel was selective about which claims he included in the amended petition rather than attempting to retain weak or frivolous claims. Second, counsel added an allegation of fact—that defendant contacted counsel *within 30 days* of his plea—which was not present in the *pro se* petition and which strengthened defendant's claim of ineffective assistance of counsel in the postplea phase. This change was material to the claim of ineffective assistance of counsel after the plea. See, *e.g.*, Ill. S. Ct. R. 604(d) (eff. July 1, 2017) (requiring a motion to withdraw the plea to be filed within 30 days to preserve a defendant's right to appeal). Assuming (as we will) counsel was acting ethically, counsel could not make this change without some basis, even if it was only defendant's statement. See Ill. R. Pro. Conduct (2010) R. 3.1 (eff. Jan. 1, 2010) ("A lawyer shall not *** assert *** an issue therein, unless there is a basis in law and fact for doing so that is not frivolous ***."). Third, defendant's amended affidavit included all but one of the averments logically required to support the amended petition; it lacked any averment to support the allegation counsel had failed to respond to defendant's postplea contacts. We thus conclude counsel was aware of some support for the allegation in the petition but failed to include it. We find the record

rebuts the applicable presumption counsel complied with Rule 651(c).

¶ 44 The State argues counsel did not need to include the averment defendant contacted counsel within 30 days of the plea. It contends defendant's original affidavit included the necessary averment. This argument is unpersuasive.

¶ 45 First, defendant's amended affidavit superseded the original. Where an amended pleading does not adopt the preceding pleading, the earlier pleading is withdrawn. *Bonhomme v. St. James*, 2012 IL 112393, ¶ 17; see *People v. Williams*, 2017 IL App (1st) 152021, ¶ 28 (stating postconviction proceedings generally follow civil rules unless those rules are inconsistent with the Act). Here, the amended pleading did not adopt the earlier petition or its incorporated exhibits, and defendant's original affidavit was effectively abandoned.

¶ 46 Second, even assuming for the sake of argument the trial court could consider the original affidavit, we still would conclude counsel failed to provide the necessary support for the allegation in the amended petition. In his original affidavit, defendant averred:

> "When I was taken to [DOC] I went through a classification process where I went through tests *** for [boot camp]. I was told *** I had been approved and would wait for no longer than 3 weeks to be sent to [a boot camp] facility. 3 weeks went by and I ended up being transferred to a medium-maximum security prison. Immediately I called my Defense Counselor and asked him to figure out what was going on."

This affidavit's language is not precise enough to allow us to infer defendant contacted counsel within 30 days of filing the plea. As the affidavit is clear that three weeks passed while defendant was waiting for a transfer, to be precise enough, the affidavit would have to allow us to calculate his transfer to DOC, the classification process, and the time between arriving at the new prison

and calling counsel totaled no more than nine days. We cannot make that calculation based on the language in defendant's original affidavit, and no amended affidavit clarified that for us.

¶ 47   Under *Addison*, counsel's failure to comply with Rule 651(c) in a single instance is a sufficient basis for remand. *Addison*, 2023 IL 127119, ¶ 33. We thus must vacate the second-stage dismissal of defendant's petition to allow postconviction counsel to file a new petition remedying this deficiency. However, postconviction counsel will require instruction concerning defendant's second claim of a Rule 651(c) violation, so we address that claim as well.

¶ 48                    C. The Claim Relating to Preplea Proceedings

¶ 49   Defendant asserts postconviction counsel violated Rule 651(c)'s requirement that counsel make all necessary amendments to the *pro se* petition to properly allege defendant was prejudiced by guilty plea counsel's unreasonable representation of him during the plea process. We hold that, because defendant failed to note the specific amendment counsel could have made to allege prejudice, he failed to overcome the presumption of Rule 651(c) compliance.

¶ 50   Defendant, citing *People v. Valdez*, 2016 IL 119860, ¶ 29, points out our precedent is clear: to establish the prejudice necessary to state a claim of ineffective assistance by guilty plea counsel, defendants must establish prejudice under the standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *Valdez* holds, "[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." (Internal quotation marks omitted.) *Valdez*, 2016 IL 119860, ¶ 29. Moreover, a "conclusory allegation that a defendant would not have pleaded guilty and would have demanded a trial is insufficient to establish prejudice." *Id.*

¶ 51   Defendant argues that, because counsel included only conclusory allegations of prejudice, counsel failed to make the necessary amendments required by Rule 651(c). In making

this argument, defendant relies on the analysis in *People v. Dixon*, 2018 IL App (3d) 150630. He further contends, under the rule in *Addison*, 2023 IL 127119, ¶¶ 32-38, because postconviction counsel failed to make a necessary amendment to the petition, defendant need not show prejudice to obtain remand.

¶ 52 Defendant argues postconviction counsel violated Rule 651(c) when, in asserting guilty plea counsel was ineffective for giving him improper information about how long he would be in boot camp, counsel failed to make a specific allegation of prejudice, as is required under *Valdez*, 2016 IL 119860, ¶ 29.

¶ 53 The fatal flaw in defendant's analysis is he presumes—rather than demonstrates— counsel could have included appropriate allegations of prejudice in his claim of ineffective assistance of guilty plea counsel. Our supreme court recently explicitly held, in *People v. Williams*, 2025 IL 129718, ¶ 46, a reviewing court *cannot* presume "there were additional facts and allegations that counsel could have included in the petition." Defendant thus has the burden to state the facts and allegations counsel should have included.

¶ 54 Defendant relies on *Dixon* for the contrary proposition. This is an understandable reading of *Dixon*. See *Dixon*, 2018 IL App (3d) 150630, ¶ 22 ("Here, postconviction counsel chose to file an amended petition, so we assume that counsel found that the allegations in the *pro se* petition were not frivolous."). However, when the defendant in *Agee* attempted to rely on *Dixon* for the proposition "that, when counsel fails to allege prejudice, he has not adequately represented petitioner's claims" (*Agee*, 2023 IL 128413 ¶ 57), the *Agee* court distinguished *Dixon* on the basis it "continuously noted the availability of evidence that was lacking in the amended petition" (*id.* ¶ 62). Thus, *Agee*, like *Williams*, stands for the proposition a defendant must show there were additional allegations counsel could have included in the petition.

¶ 55　　　　　Defendant failed to note any allegation counsel could have properly added to the amended petition. Defendant has failed to overcome the presumption of Rule 651(c) compliance postconviction counsel created by his certification of such compliance. We note this is a decision based on defendant's failure to meet his burden of persuasion and is not dispositive of whether counsel on remand can shape the claims of ineffective assistance of plea counsel to conform to the requirements of *Valdez*.

¶ 56　　　　　　　　　　　　　III. CONCLUSION

¶ 57　　　　　For the reasons stated, we vacate the trial court's second-stage dismissal of defendant's petition under the Act and remand the cause for further proceedings consistent with this order.

¶ 58　　　　　Dismissal vacated; cause remanded.